STATE of Oklahoma, Plaintiff-Appellee,

v.

Walter G. STEPHENSON,
Defendant-Appellant.

No. 63576.

Court of Appeals of Oklahoma,
Division No. 4.

Dec. 30, 1986.

Rehearing Denied Jan. 26, 1987.

As Corrected May 13, 1987.

David Moss, Dist. Atty., Mark D. Lyons, Asst. Dist. Atty., Tulsa, for plaintiff-appellee.

John Echols, Echols & Echols, Inc., Tulsa, for defendant-appellant.

BRIGHTMIRE, Judge.

The question for review is whether a defendant who is charged with a felony by the State of Oklahoma is entitled to recover the cost of a transcript of preliminary testimony which he requested to aid him in establishing the merits of his demurrer to the state's evidence.

We hold that he is.

I

The background facts are that attorney Walter G. Stephenson was arrested for driving under the influence of an intoxicant and transported to the Tulsa Police Station. The arresting officer reported that after Mr. Stephenson had gotten out of the police car a vial of what was later determined to be cocaine was found on the floorboard in front of where Mr. Stephenson had been sitting. Based on this report the district attorney filed a felony charge of possessing cocaine against Mr. Stephenson.

At the preliminary hearing defendant ordered a transcript of the state's testimony—which consisted primarily of the arresting officer's testimony. At the close of the state's evidence defendant demurred on the ground the government's evidence was insufficient to establish that defendant ever possessed whatever the officer may have found on his cruiser's floor. The special district judge, sitting as a magistrate, took the demurrer under advisement. The court reporter promptly prepared a 178–page transcript which was given to defendant along with a bill for $752. The defendant used the transcript to support his demurrer and the trial judge was given a copy of the transcript for study. Eventually the magistrate sustained defendant's demurrer, dismissed the charge, and the state took a Rule 6 appeal to a district judge. The transcript was furnished to and read by the district judge in the course of determining the merits of the state's appeal. The district judge ultimately upheld the special judge's ruling, dismissed the case

against defendant, and ordered costs taxed against the state.

The state did not appeal further and the dismissal became final.

A few days later defendant moved the special judge to order the state to pay the $752 transcript fee as a cost item. The motion was heard and granted October 1, 1984. Then four days later, for reasons not disclosed in the record, the special judge issued an ex parte order vacating the cost assessment. On October 15, 1984, the same judge entered another order denying defendant's motion to recover cost of the transcript and defendant appealed to the Court of Criminal Appeals. That court found that the subject matter of the lawsuit pertained to substantive civil law and transferred it to the supreme court for disposition.

## II

Defendant's first contention is that state statutory law clearly provides for transcript fees to be recovered as costs in criminal cases.

For support he relies on 20 O.S.1981 § 106.4(b) which provides in relevant part as follows:

"(b) Upon request of either party in a civil or criminal case the reporter shall transcribe the proceedings in a trial or other judicial proceeding, or so much thereof as may be requested by the party, certify to the correctness of the transcript, and deliver the same in accordance with the rules of the Supreme Court. The fee for an original transcript shall be Two Dollars ($2.00) per page. Two copies of the original transcript shall be furnished without additional charge.... The fees for making the transcript shall be paid in the first instance by the party requesting the transcript and shall be taxed as costs in the suit."

This statute seems to be unambiguous authority for taxing as costs a fee of $2.00 per page for transcribing judicial proceedings in a criminal case.

We turn, however, to more fundamental questions, namely, whether costs can valid-ly be taxed against the state and if so out of what fund are they to be paid. The answer is explicitly dealt with in 12 O.S. 1981 § 66. It provides:

"Whenever an action is filed in any of the courts in the State of Oklahoma by the State of Oklahoma, or by direction of any department of the State of Oklahoma, no bond, including cost, ... appeal bonds or other obligations of security shall be required from the State of Oklahoma or from any party acting under the direction aforesaid, either to prosecute said suit, answer or appeal same. In case of an adverse decision, such costs as by law are taxable against the State of Oklahoma, or against the party acting by its direction, as aforesaid, shall be paid out of the contingent fund of the department under whose direction the proceedings were instituted."

The state, on the other hand, attempts to defend the trial court's decision on the ground that the cost assessment of transcript fees is governed by 22 O.S.1981 § 258 (First) rather than 20 O.S.1981 § 106.4(b). The argument is that 22 O.S. 1981 § 258 deals specifically with preliminary examination proceedings in criminal cases and specifies that "[i]n no case shall the county be liable for the expense in reducing such testimony to writing, unless ordered by the judge of a court of record" and in this case "there is no dispute that the Appellant does not have an order of the Court granting him transcript fees" nor has any judge "ordered the costs of the transcript to be assessed against the State of Oklahoma."

The full text of the subsection relied on by the state reads:

"First: The witnesses must be examined in the presence of the defendant, and may be cross-examined by him. On the request of the *district attorney*, or the defendant, all the testimony must be reduced to writing in the form of questions and answers and signed by the witnesses, or the same may be taken in shorthand and transcribed without signing, and in both cases filed with the clerk of the district court, by the examining

magistrate, and may be used as provided in 22 O.S.1951 § 333. In no case shall the county be liable for the expense in reducing such testimony to writing, unless ordered by the judge of a court of record." (Emphasis added.)[1]

We see no significant conflict between 20 O.S.1981 § 106.4(b) and 22 O.S.1981 § 258. The former is a later statute which clarifies and updates with specificity the anachronistic ambiguities in the latter. When the overall compositional syntax of § 258 is considered one might quite legitimately assume the "expense" referred to is the salary of a person recording proceedings as a court reporter. But whether the expense referred to is for taking testimony down or for its transcription is immaterial; neither interpretation results in the provisions of § 258 being at war with § 106.4(b). For, contrary to the state's contention, there does in fact exist an order by a court of record taxing costs against the state and, as we have seen, costs include fees for requested transcripts under § 106.4(b). Such order satisfies the § 258 requirement.

Regardless of the law, however, the state in a final plea to avoid liability characterizes defendant's request for the transcript an "extravagance" and his effort to recover its cost an attempt to "gouge the State" as a consequence of which we are, in effect, implored to ignore the constitutional and statutory rights of the defendant.

The trouble with this overture is that we are not prepared to disregard defendant's presumption of innocence or consider the transcript unnecessary armament in his quest for dismissal of the serious felony charge lodged against him. For this court to try to second-guess defense counsel's need for the transcript in this case would be as inappropriate as questioning why the charge was filed in the first place or, perhaps less inappropriately, speculating about what inspired the ex parte vacation of the trial judge's original transcript fee order.

## III

The order appealed is vacated and the cause is remanded with directions to order the state to pay the fee for subject transcript at the rate provided by 20 O.S.1981 § 106.4(b). Costs of this appeal are likewise taxed against the state.

RAPP, J., concurs.

STUBBLEFIELD, P.J., dissents.

---

1. While it does not affect the outcome of this case we point out as a matter of interest that in the 1971 Oklahoma Statutes and the latest edition of O.S.A., § 258 (First) refers to a "request of the county attorney."